**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:21-MJ-5375-MAS |
| v. ) | |
| ) | |
| CHRISTOPHER WAYNE LIVINGOOD, ) | |
| ) | |
| Defendant. ) | |

**DETENTION OPINION AND ORDER**

This case presents the question of whether detention is appropriate where the defendant has significant ties to the district and no criminal history, but is accused of a dangerous crime against children and has provided almost no credible information to rebut the statutory presumption in favor of his detention. Based on the circumstances of the crime as described in the Complaint and proffer at the detention hearing, the Court finds that it is.

**I.      RELEVANT PROCEDURAL BACKGROUND & LEGAL STANDARDS**

The criminal Complaint alleges that Defendant Christopher Wayne Livingood ("Livingood") produced and distributed visual depictions involving a minor engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(2). [DE 1]. The United States orally sought detention per 18 U.S.C. 3142(f)(1)(E). [DE 3]. The Court held a detention hearing at the initial appearance on December 7, 2021, and afforded both sides all procedural rights outlined in the Bail Reform Act ("BRA"). [DE 3]. Per Federal Rule of Appellate Procedure 9(a) and for the reasons discussed in this opinion, the BRA requires Livingood's detention.

Because the charges involve a minor victim, a detention presumption arises under the BRA as to both nonappearance and danger risk.[1] 18 U.S.C. § 3142(e)(3)(E). The BRA and *United States v. Stone*, 608 F.3d 939, 945–46 (6th Cir. 2010), frame the resulting inquiry. The presumption imposes on the defendant a threshold "burden of production"; in response, "he must introduce at least some evidence" that he poses neither a flight nor a danger risk. *Stone*, 608 F.3d at 945; *see also United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (imposing a responsive burden on the defendant to produce "some evidence that he will not flee or endanger the community if released"); *United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002) (requiring the defendant to "produc[e] probative, credible evidence to rebut the presumption and support his contention that he will appear . . . and [that] he does not pose a danger"). The production burden "is not heavy," and the Government retains the ultimate burden of persuasion. *Stone*, 608 F.3d at 945. An unrebutted presumption requires detention. A rebutted presumption remains a pro-detention statutory factor. *See id.* ("The presumption remains as a factor because it . . . reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

If a defendant rebuts the presumption, the burden shifts back to the United States to prove that detention is warranted. Detention, based on danger, must rest on facts supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A flight-based (or, more accurately, nonappearance-based) detention decision must rest on facts supported by a preponderance of the evidence. *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991); *United States v. Curry*, No. 6:06-82-DCR, 2006 WL 2037406, at *6 (E.D. Ky. Jul. 18, 2006). The analyses are distinct, and conditions that

---

[1] Livingood waived his right to a preliminary hearing; thus, prior to the detention hearing, the Court found there was probable cause to believe he is guilty of the crimes charged and triggered the presumption of detention.

could adequately address flight will not necessarily mitigate danger to a sufficient degree. *See United States v. Mercedes*, 254 F.3d 433, 436-37 (2d Cir. 2001). Further, almost any conditional release ultimately depends on a court's assessment of a defendant's good faith intentions and predicted compliance with conditions imposed. *See United States v. Tortora*, 922 F.2d 880, 887 (1st Cir. 1990) (evaluating predicted good faith compliance as critical release component). In the end, any detention decision ultimately turns on the efficacy of potential conditions, which in turn hinges substantially on predicted compliance by a defendant. *United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (noting "critical flaw" in set of proposed, strict release conditions: "In order to be effective, they depend on [the defendant's] good faith compliance."); *id.* at 1093 n.13 (stating that any set of conditions except a "'replica detention facilit[y]'" necessarily would "hinge on [the defendant's] good faith compliance").

Evidence rules do not apply in the detention hearing context. 18 U.S.C. § 3142(f). The hearing is informal and the Court may consider a wide range of proof, weighing the evidentiary reliability and accuracy. *See, e.g.*, *United States v. Webb*, 149 F.3d 1185 (Table), No. 98-1291, 1998 WL 381686, at *1 (6th Cir. June 22, 1998). The nature and quality of proof, though, impacts its probative value and weight in the detention calculus. The § 3142(g) factors guide the analysis.

## II.    ANALYSIS

The United States moved for detention solely based on danger. Thus, the burden was on Livingood to produce some evidence to rebut the presumption that he must be detained due to the danger he poses to the community. Livingood failed to produce such evidence; accordingly, danger-based detention is warranted.

Livingood's evidence to overcome the presumption—by way of counsel's proffer—was that he has no criminal history, he could live with his son in a rural area, and his access to Internet-

connected devices could be limited. He acknowledged that he would be subject to electronic monitoring and a curfew. *See* 18 U.S.C. § 3142(c)(1). The United States argued that this paltry information is insufficient to rebut the detention presumption. The Court agrees with the United States. Livingood did not satisfy his "burden of producing probative, credible evidence to rebut the presumption and support his contention that he will appear in federal court when required and he does not pose a danger to community safety." *United States v. Hernandez*, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002). Livingood was unable to tell the Court the address of his son's home, whether it was near a school, whether there was Internet access at the home, and, if so, how the Internet-capable devices would be secured so Livingood could not access them. Livingood further proffered he did not have a job. These vague and uncertain facts regarding Livingood's proposed living situation are far too ambiguous for the Court to find them "probative" or "credible." *Id*.

Although the Court finds that Livingood failed to overcome his presumption, the Court will analyze the § 3142(g) factors as to danger for the sake of completeness in the record.

A. **NATURE AND CIRCUMSTANCES OF THE OFFENSE**

The first BRA factor is the "nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim[.]" 18 U.S.C. § 3142(g)(1).

The charged offenses involve identifiable minor victims who are Livingood's family members. The Complaint [DE 1] alleges that Livingood repeatedly sexually abused at least two prepubescent minor victims, one of whom was a very young infant, while he was babysitting them. Livingood sent photographs and descriptions of the sexual abuse of those same children to a user

on the messaging platform Kik.² Child sexual abuse crimes are among the most serious and harmful crimes prosecuted in federal court. When the circumstances of the crime suggest that a trusted adult abused very young children left in his care, this factor weighs heavily in favor of detention. *See United States v. Downsbrough*, No. 3:13-CR-61, 2013 WL 2447858, at *1 (E.D. Tenn. June 5, 2013) (concluding that "the nature and circumstances of the offense weigh[ed] in favor of detention because the charged offenses involve[d] minor victims"); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (observing that "[d]etaining adults who prey on children for the adult's sexual gratification . . . is [ ] a legitimate government objective" justifying pretrial detention); *United States v. Demarcus Bristuan Fitzhugh*, 2016 WL 4727480, at *5 (E.D. Mich., Sept. 12, 2016) ("*Just one* sexually-related offense against *just one* minor is enough to imply dangerousness.")  (emphasis in original); *United States v. Music*, No. 107-CR-21-R, 2007 WL 2067057 (W.D. Ky. July 16, 2007) (revoking an order releasing a defendant pending trial when defendant was guilty of an offense against a minor, but had no prior criminal history).

B.     **WEIGHT OF THE EVIDENCE OF DANGEROUSNESS**

The next consideration gauges "the weight of the evidence against the person." 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of evidence of dangerousness, not the weight of the evidence of defendant's guilt." *Stone*, 608 F.3d at 948. Several facts in this case demonstrate Livingood's considerable dangerousness. When law enforcement executed a subpoena at Livingood's residence (related to the instant charges), Livingood admitted to taking the photographs of the infant and sending them to a Kik user. Livingood purportedly admitted to downloading child sexual abuse material from the Internet and disseminating it to others on Kik.

---

² The recipient of those images was convicted in January 2021 in the Southern District of Indiana on multiple counts distribution and receipt of visual depictions of a minor engaged in sexually explicit conduct. [DE 1, Complaint ¶ 6].

[DE 1, Complaint ¶ 29]. Further, the investigation revealed that Livingood sent Kik messages describing sexually abusing a prepubescent girl in his care as well as his dog. [*See* DE 1, Complaint, generally]. Finally, the Complaint alleges that Livingood send and received sexually explicit images of minors on Kik for more than a year. [DE 1, Complaint ¶ 3]. When the Court considers these admissions and allegations, and the length of time that Livingood engaged in this behavior, the Court can only conclude that the weight of evidence of his dangerousness is heavy.

C.  **HISTORY AND CHARACTERISTICS OF THE PERSON**

The third factor focuses on Livingood's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). Livingood has no criminal history. He has been consistently employed and has strong ties to the community. The fact that used his close-knit family ties to commit the alleged offenses, however, discounts this factor in his favor. The third factor, at best, remains a neutral consideration that favors neither release nor detention.

D.  **NATURE AND SERIOUSNESS OF THE DANGER**

The fourth and final factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Even where there is no contact with an actual child, courts have found that engaging with child exploitation materials causes real, lasting harm to real victims. *See United States v. Pece*, No. 1:20-CR-186-1, 2020 WL 6263640, at *6–7 (N.D. Ohio Oct. 23, 2020) (recognizing the danger of such images because they "permanently records the victim's abuse, and [their] continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years"); *id.* (observing that "possessors of child pornography aid in creating and sustaining a market for such material"); *see also United States v. Kinison*, No. 5:12-CR-57-JBC-REW, 2012 WL 4433296, at *4 (E.D. Ky. Sept. 24, 2012) (finding substantial danger risk where evidence demonstrated that

the defendant had "a plain, prurient interest in children" and had been handling child exploitation materials).

Moreover, there is proof here of direct harm to at least one identifiable child—an infant—perpetrated by Livingood while in his care. Livingood's Kik messages suggest he had a prurient interest in children, may have sexually abused at least one other prepubescent child, and expressed a desire to abuse other young children in his vicinity. The circumstances of this case compel the conclusion that the danger Livingood poses to minor children is extraordinarily serious, and the fourth factor weighs firmly against Livingood's release.

In conclusion, the first, second, and fourth factors all confirm Livingood's dangerousness. The third factor is relatively neutral and does little to sway the calculus toward either pole. On balance, the BRA factors unquestionably favor danger-based detention even if Livingood could have rebutted the presumption. And because of the nature of sexual crimes against children, especially those perpetrated on the Internet, and the lack of information about Livingood's proposed living situation (such as whether the residence has Internet access or is near a school), the Court finds Livingood's dangerousness cannot be mitigated with release conditions.

### III.   CONCLUSION

For the stated reasons, the Court finds that Livingood did not overcome the presumption in favor of danger-based detention. The Court also finds that even if Livingood could overcome the presumption, the United States has shown by clear and convincing evidence that Livingood is a danger and no release conditions can reasonably assure community safety. Accordingly, the Court **GRANTS** the United States' oral detention motion. Defendant shall remain in custody pending trial. The parties may appeal this Order under the terms of 18 U.S.C. § 3145.

Entered this the 15th day of December, 2021.

