UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION-LEXINGTON
**CRIMINAL ACTION NO. 5:22-CR-1-DCR**
_ELECTRONICALLY FILED_

UNITED STATES OF AMERICA                               PLAINTIFF

v.

CHRISTOPHER WAYNE LIVINGOOD                    DEFENDANT

---

## SENTENCING MEMORANDUM

---

Comes the Defendant, by and through counsel, and submits the following Sentencing Memorandum for the Court to consider in determining the appropriate sentence in this case. Pursuant to 18 U.S.C. § 3553 (a), the Court shall impose a sentence sufficient but not greater than necessary to comply with the purpose of the statute.

## INTRODUCTION

The Defendant comes before the Court for sentencing after pleading guilty to Production of Child Pornography in violation of 18 U.S.C. § 2251 (a) for an offense that occurred on March 17, 2018.  Livingood appeared before this Court on May 27, 2022 and entered the plea as outlined above and therefore has accepted responsibility for his actions.

## NATURE AND CIRCUMSTANCE OF THE OFFENSE
## AND HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Livingood was born in Nicholas County, Kentucky and raised by his parents until their divorce when he was eight (8) years old. The Defendant later went on to live almost exclusively with his mother and ultimately ended up in Bourbon County, Kentucky. He reports being raised in

a lower class family with limited interaction with his father during his youth. Additionally, he reports verbal and physical abuse from his mother.

Defendant has been married twice and is the father of three (3) adult children from those unions. Defendant has a strong family unit, including his father and adult sons, who have been supportive during his incarceration and with whom he intends to return to reside with upon his release.

Defendant has obtained his high school diploma and is a certified plumber. He worked for the Paris Police Department for many years before making a career change and has worked steadily as a plumber since 2010 and intends to return to this type of employment upon his release. Defendant has no substance abuse history and is a social drinker only. He is remorseful for his actions and has all intentions to complete his sentence without incident and return to the world as a stand up member of society. (*See* attached Exhibit A).

It is often said that the best indicator of a person's future behavior is their past behavior. Defendant's criminal history is nonexistent, save the instant matter, and results in a Criminal History category I. The Defendant has lived a law-abiding life, one in which he spent a significant amount of time in public service as a law enforcement officer. A review of his employment history indicates that he has maintained constant employment. He has always provided for his family, who also support him presently despite the character of the offense for which he stands convicted. His closest family and friends describe him as a warm and caring individual willing to help anyone in need. The overall consensus from his loved ones is that his behavior, which led to his arrest, is isolated, out of character for him and he is highly unlikely to reoffend. (*See* attached Exhibit B).

## SENTENCING OPTIONS

Defendant's guideline range in this case calls for a life sentence, however, by virtue of the statutory penalty provisions of 18 U.S.C. §2251(e), he is subject to a mandatory minimum sentence of 15 years and a maximum sentence of 30 years. The conduct did not occur over a prolonged period of time. With that being said, he does and has admitted that when it happened as it did, he should have disengaged immediately and did not and for that he knows he did wrong and is ready to accept the Court's judgment regarding punishment. He is agreeable to sex offender treatment and any other recommendations of the court. He plans to return to the Bourbon County area with his family and obtain employment upon his release.

At the time of sentencing, Livingood will be 51 years old. A minimum sentence of  15 years at 85 percent service would allow him to be released when he is just shy of 65 years old. Anything longer than that is, in essence, a sentence which will most likely result in Livingood remaining in custody the rest of his life. On balance, in considering the factors under 18 U.S.C. §3553, a sentence at the low end of the statutorily prescribed sentencing range would be sufficient but not greater than necessary to address factors to be taken into account by the Court when crafting its sentence.

Respectfully Submitted,


/s/Christopher A. Spedding
Christopher A. Spedding
271 W Short St., Suite 402
Lexington, KY 40507
859-255-0050
Fax: 859-554-2528
Email: chris@speddinglawoffice.com

**<u>Certificate of Service:</u>**

This is to certify on September 6, 2022, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send notice to counsel of record as appropriate.

<u>/s/Christopher A. Spedding</u>
Christopher A. Spedding
