UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NO. 5:22-CR-1-DCR

UNITED STATES OF AMERICA                                                                        PLAINTIFF

V.            UNITED STATES'S SENTENCING MEMORANDUM

CHRISTOPHER WAYNE LIVINGOOD                                                                DEFENDANT

\* \* \* \* \*

Christopher Livingood pleaded guilty on May 27, 2022, to one count of using a minor to engage in sexually explicit conduct for the purpose of producing a visual image of that conduct, in violation of 18 U.S.C. § 2251(a). [R. 25: Plea Agreement]. The Presentence Report calculates the Defendant's guideline range as life imprisonment. PSR ¶ 56. However, the statutory maximum penalty for the crime to which the Defendant pleaded guilty is 360 months of imprisonment. *Id*. The United States believes that a sentence at the top of the allowable range, 360 months, is necessary to achieve the sentencing objectives of 18 U.S.C. §3553(a).

A substantial sentence is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Livingood's conduct was extensive, disturbing, and undeniably serious. Livingood used a helpless infant that was left in his care to create sexually explicit

1

images and distribute them via the internet. Moreover, he engaged in a longstanding series of chats with another individual interested in child sexual abuse material. During these conversations, Livingood was vocal about his desire to engage in sexual acts with children and with animals. He specifically discussed the types of sexual acts he purported to be engaging in with the infant victim and another child left in his care. These chats occurred on numerous occasions over a significant period of time—more than a year. Furthermore, Livingood's conduct was not limited to victims personally known to him, as he also received and possessed sexually explicit images of minors he received via the internet from others interested in the sexual abuse of children.

    The impact of Livingood's crimes will be long-lasting. Once distributed, child sexual abuse images may live forever on the internet. *See New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place."). The victim will eventually be old enough to understand the crimes committed by Livingood and will have to come to terms with knowing the lewd intentions Livingood had for him as a baby. The fact that Livingood was in a position of trust, someone who should have protected and cared for the victim, makes the impact even more significant.

    The effects of Livingood's crimes are not limited to the victim of the offense of conviction. The parent of the infant victim, who believed Livingood was a safe person to care for her child, will forever grapple with the effects of such a devastating betrayal. In addition, the victims whose images he received via the internet will continue to suffer the effects of knowing that images of their abuse are being used for the sexual gratification of

individuals like Livingood. Moreover, there is a societal harm caused by Livingood's conduct. "As victimized children reach adulthood, they often struggle to develop healthy relationships, and to find their place in society. In this way, their burdens are shared by all." *United States v. Faulkner*, 926 F.3d 266, 272 (6th Cir. 2019) (citations omitted).

A substantial sentence is also required to "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). While Livingood has no previous criminal convictions, the length and pervasiveness of Livingood's conduct demonstrates a sustained sexual interest in children. This, combined with his willingness to act on that interest and betray those closest to him demonstrates the danger Livingood poses to children and to others.

A substantial sentence is also needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A guideline sentence of imprisonment would be a clear warning to others considering similar conduct. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). Although those who seek child sexual abuse material may be driven by compulsion, they may still be deterred by law enforcement. Learning of Livingood's substantial sentence may reduce the abuse of children by others in this district who would consider producing, receiving, possessing and trading such material. *See United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

Finally, any sentence should consider the need for "restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Currently a restitution request from one victim of the images received by Livingood via the internet has been received. There have been no additional requests submitted as of this time. However, any received in the future will be submitted to the court for consideration and inclusion in the sentence.

## CONCLUSION

The United States respectfully requests the Court to impose a sentence of 360 months of imprisonment, to be followed by a substantial term of supervised release.

Respectfully Submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By:  s/ Erin M. Roth
Assistant United States Attorneys
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4872
Erin.Roth@usdoj.gov

## CERTIFICATE OF SERVICE

On September 6, 2022, I electronically filed this document through the ECF system, which will send notice of electronic filing to all counsel of record.

s/ Erin M. Roth
Assistant United States Attorney