AO 243 (Rev. 10/07)

Eastern District of Kentucky
FILED
SEP 18 2023
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District EASTERN DISTRICT OF KENTUCKY (LEXINGTON) |
|---|---|

| Name (under which you were convicted): CHRISTOPHER WAYNE LIVINGOOD | Docket or Case No.: 5:22-CR-1-DCR-MAS |
|---|---|

| Place of Confinement: FCI EDGEFIELD | Prisoner No.: 77525-509 |
|---|---|

| UNITED STATES OF AMERICA | v. | Movant (include name under which convicted) CHRISTOPHER WAYNE LIVINGOOD |
|---|---|---|

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   EASTERN DISTRICT OF KENTUCKY (LEXINGTON)

   (b) Criminal docket or case number (if you know): 5:22-CR-00001-DCR-MAS

2. (a) Date of the judgment of conviction (if you know): _____
   (b) Date of sentencing: 9/16/2022

3. Length of sentence: 360 MONTHS; LIFETIME SUPERVISED RELEASE

4. Nature of crime (all counts): COUNT 1: 18:2251(a)(1); COUNT 2-3: 18:2252(a)(2); COUNT 4-5: 18:2252(a)(2); COUNT 6: 18:2252(a)(4)B)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? GUILTY TO COUNT 1, ALL OTHER COUNTS DISMISSED BY GOVERNMENT MOTION.

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

   N/A

AO 243 (Rev. 10/07)

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐          No ☒

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☒

9. If you did appeal, answer the following:
   (a) Name of court: _____ N/A _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: _____
   _____
   _____
   _____
   _____
   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____ N/A _____
   (2) Result: _____
   _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: _____
   _____
   _____
   _____
   _____
   _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐     No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____ N/A _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

AO 243 (Rev. 10/07)                                                                                                    Page 3

(4)  Nature of the proceeding:    N/A

(5)  Grounds raised:  _____

_____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐        No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court:  _____ N/A

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐        No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ☐        No ☐

(2)  Second petition:    Yes ☐        No ☐

AO 243 (Rev. 10/07)                                                                                    Page 4

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

MY LAWYER FAILED TO FILE A N.O.A. ON MY BEHALF.

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE:   SEE ATTACHED

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):




 




(b)  **Direct Appeal of Ground One:**
   (1)  If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐      No ☐
   (2)  If you did not raise this issue in your direct appeal, explain why:


(c)  **Post-Conviction Proceedings:**
   (1)  Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐      No ☐
   (2)  If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

AO 243 (Rev. 10/07)

*page 5*

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

_____

_____

GROUND TWO: _____ SEE ATTACHED _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 243 (Rev. 10/07)

(b) **Direct Appeal of Ground Two:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:

_____

_____

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

      Type of motion or petition: _____

      Name and location of the court where the motion or petition was filed:

_____

      Docket or case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐

   (6)  If your answer to Question (c)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: _____

_____

      Docket or case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 243 (Rev. 10/07)

*Page 7.*

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____
_____
_____

**GROUND THREE:**   SEE ATTACHED

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)   **Direct Appeal of Ground Three:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐       No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

_____
_____

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐       No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

AO 243 (Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

     Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

     Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

**GROUND FOUR:**   SEE ATTACHED

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 243 (Rev. 10/07)

(b) **Direct Appeal of Ground Four:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:

_____

_____

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

   (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

   (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 243 (Rev. 10/07)

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

YES; GROUND 1-2 WERE NOT PRESENTED AT SENTENCING OR TRIAL
BECAUSE MY LAWYER INDICATED HIS "TRIAL STRATEGY" WAS TO
PLEA GUILTY, THEN ARGUE ISSUES ON APPEAL. HE THEN FAILED
TO FILE A NOTICE OF APPEAL. GROUNDS 3-4 ARE INEFFECTIVENESS
GROUNDS PROPERLY RAISED VIA 2255.

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment
you are challenging?          Yes ☐          No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
issues raised.

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a)   At the preliminary hearing:   BRANDI LEWIS (300 W. SHORT ST., LEXINGTON, KY
40507)

(b)   At the arraignment and plea:   CHRISTOPHER SPEDDING (271 W. SHORT ST., SUITE 402,
LEXINGTON, KY 40507)

(c)   At the trial:   N/A

(d)   At sentencing:   CHRISTOPHER SPEDDING (SAME)

AO 243 (Rev. 10/07)

(e)  On appeal: N/A

(f)  In any post-conviction proceeding: N/A

(g)  On appeal from any ruling against you in a post-conviction proceeding: N/A

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?       Yes ☐       No ☒

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ☐       No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b)  Give the date the other sentence was imposed: N/A

(c)  Give the length of the other sentence: N/A

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?       Yes ☐       No ☒

AO 243 (Rev. 10/07)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

MOTION IS TIMELY PER 28 U.S.C. § 2255.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 10/07)

Therefore, movant asks that the Court grant the following relief: SENTENCE AND PLEA VACATED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____9/12/2023_____
(month, date, year)

Executed (signed) on ____9/11/23_____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

(LEXINGTON)

---

CHRISTOPHER WAYNE LIVINGOOD

MOVANT

V.

UNITED STATES OF AMERICA

RESPONDANT

) PETIONER'S MOTION TO VACATE,
) SET ASIDE, OR CORRECT HIS SENTENCE
) PURSUANT TO TITLE 28 U.S.C. §2255
) AND INCORPORATED LEGAL BRIEF
) CASE NO. 5:22-CR-00001-DCR-MAS

---

NOW COMES THE PETITIONER CHRISTOPHER WAYNE LIVINGOOD ("MR. LIVINGOOD") BEFORE THE COURT. OPERATING PRO SE, MR. LIVINGOOD BELIEVES THAT HE MAY BE ENTITLED TO RELIEF DUE TO THE INEFFECTIVE ASSISTANCE OF HIS COUNSEL OF RECORD. ACCORDINGLY, HE MOVES TO VACATE HIS SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255. IN THE ALTERNATIVE THIS COURT SHOULD GRANT AN OUT OF TIME APPEAL TO MR. LIVINGOOD IN ORDER TO SERVE THE INTERESTS OF JUSTICE.

## I. BACKGROUND, JURISDICTION, AND TIMELINESS

MR. LIVINGOOD PLED GUILTY TO PRODUCTION OF CHILD PORNOGRAPHY IN VIOLATION OF 18 U.S.C. §2251(a)(1). THAT GUILTY PLEA WAS OBTAINED BY THE GOVERNMENT IN EXCHANGE FOR THEIR AGREEING TO DROP ADDITIONAL CHARGES AGAINST MR. LIVINGOOD RELATED TO THAT PRODUCTION CHARGE. HE WAS SENTENCED IN THE EASTERN DISTRICT OF KENTUCKY GIVING THIS COURT JURISDICTION PER 28 U.S.C. §2255. THIS MOTION IS TIMELY BY THE STANDARDS

(1)

SET FORTH THEREIN.

## II. Legal Standard

Mr. Livingood is raising multiple ineffective assistance of counsel claims which individually and cumulatively bring into question not just the quality of help he received, but the validity of the verdict and the plea agreement which preceded it. Given the facts in this case, none of his claims should be barred from consideration regardless of any plea agreements or waivers he might have signed previously. Although courts do not generally entertain §2255 motions when prisoners have previously waived their right to collaterally attack their sentence, such waivers are not enforced when the attack goes to the "very validity of the guilty plea." In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007).

To prevail on his ineffective assistance of counsel claim, Mr. Livingood must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).

## III. Argument

(1) Mr. Livingood's counsel was ineffective for failing to properly investigate the crime he was accused of committing.

Courts often hear declarations of innocence after unfavorable

(2)

SENTENCING. QUITE REASONABLY, THEY TEND TO BE SKEPTICAL OF THESE SELF-SERVING CLAIMS. THIS IS PARTICULARLY TRUE WHEN THAT DEFENDANT HAS ALREADY PLED GUILTY TO THAT CHARGE. "SOLEMN DECLARATIONS IN OPEN COURT CARRY A STRONG PRESUMPTION OF VERITY." BLACKLEDGE V. ALLISON, 431 U.S. 63, 73-74, 97 S.CT. 1621, 52 L.ED. 2D 136 (1977). MOREOVER, THERE IS A COMMONSENSE PREDISPOSITION THAT AN INNOCENT MAN WOULD NOT PLEA GUILTY TO A CRIME HE DID NOT COMMIT.

THOUGH THESE ASSUMPTIONS CERTAINLY HAVE A BASIS IN FACT, THEY ARE FAR FROM ABSOLUTE. "SINCE THE 1990's, THOUSANDS OF INNOCENT PEOPLE HAVE BEEN FREED FROM PRISON." YOU MIGHT GO TO PRISON, EVEN THOUGH YOU'RE INNOCENT, PROFESSOR JUSTIN BROOKS (2023). NOR DOES A CONFESSION PRECLUDE THE POSSIBILITY OF INNOCENCE. ABOUT 12% OF THE 3,060 WRONGFULLY CONVICTED PEOPLE TALLIED BY THE NATIONAL REGISTRY OF EXONERATIONS  FIRST FALSELY CONFESSED TO THE CRIME THEY WERE LATER CLEARED OF COMMITTING. HTTPS://WWW.LAW.UMICH.EDU/SPECIAL/EXONERATION/PAGES/ABOUT.ASPX. REGARDLESS, THE REALITY IS THAT MR. LIVINGOOD IS IN A VERY DEEP LEGAL HOLE WHICH IS PARTIALLY OF HIS OWN MAKING. HE WILL USE THE TWIN SHOVELS OF THE LAW AND THE TRUTH TO DIG HIMSELF OUT. HE ASKS THE COURT TO SUSPEND ITS NATURAL CYNICISM LONG ENOUGH FOR HIM TO EXPLAIN WHAT ACTUALLY OCCURRED.

IT IS THE STORY THAT EFFECTIVE COUNSEL WOULD HAVE SHARED WITH YOUR HONOR. IT ALSO HAS THE ADVANTAGE OF BEING THE TRUTH.

## A. Mr. Livingood is innocent because the pictures he produced are not "sexually explicit."

In 2017 Mr. Livingood's daughter dropped off her infant son to be babysat by Mr. and Mrs. Livingood. The boy's diaper was soaking wet, so Mr. Livingood went about changing his grandson. He discovered that the diaper's insides had exploded, leaving tiny, clear moisture-absorbing beads covering the baby's midsection. Annoyed with the situation, Mr. Livingood attempted to photograph the tiny beads. Using his cell-phone (an older-model Samsung) he took two somewhat blurry images — one of him pointing at the tiny beads, and one in which he slightly pulled back the boy's foreskin to show the tiny beads stuck inside. The clear beads were faint at best in the photographs, and Mr. Livingood realized the poor detail of his cameraphone couldn't capture the condition. He took no further pictures of the situation. The images were taken as an overreaction to an annoying position and were only intended to elicit empathy.

A minor may not engage in "any SEXUALLY EXPLICIT conduct for the purpose of producing any visual depiction of such conduct...". 18 U.S.C. §2251(a), (emphasis added). Mr. Livingood's photographs cannot be argued to involve any sex act, however, "sexually explicit conduct" is defined to include the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C.S. §2256(2)(A)(v). In determining whether an image is lascivious, courts usually point to the so-called "Dost Factors" — "(1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual

DEPICTION IS SEXUALLY SUGGESTIVE, I.E., IN A PLACE OR POSE GENERALLY ASSOCIATED WITH SEXUAL ACTIVITY; (3) WHETHER THE CHILD IS DEPICTED IN AN UNNATURAL POSE, OR IN INAPPROPRIATE ATTIRE, CONSIDERING THE AGE OF THE CHILD; (4) WHETHER THE CHILD IS PARTIALLY CLOTHED OR NUDE; (5) WHETHER THE VISUAL DEPICTION SUGGESTS SEXUAL COYNESS OR A WILLINGNESS TO ENGAGE IN SEXUAL ACTIVITY; AND, (6) WHETHER THE VISUAL DEPICTION IS INTENDED OR DESIGNED TO ELICIT A SEXUAL RESPONSE IN THE VIEWER." UNITED STATES V. DOST, 636 F. SUPP. 828, 832 (S.D. CAL. 1986).

UNLIKE THE SIMPLICITY OF SOME LEGAL STANDARDS, ONE CANNOT JUST CHECK A BOX BESIDE A DOST FACTOR AND DEEM AN IMAGE TO BE CHILD PORNOGRAPHY. ONE MUST CONSIDER EXTERNAL EVIDENCE, SUCH AS THE PHOTOGRAPHER'S INTENT AND CONTEXTUAL SITUATION, TO HOLISTICALLY COME TO A DECISION. "THIS LIST IS NOT EXHAUSTIVE, AND AN IMAGE NEED NOT SATISFY ANY SINGLE FACTOR TO BE DEEMED LASCIVIOUS. INSTEAD, YOU MUST DETERMINE WHETHER THE VISUAL DEPICTION IS LASCIVIOUS BASED ON ITS OVERALL CONTENT." SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS §16.01, SEXUAL EXPLOITATION OF CHILDREN : USING A MINOR TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT.

MR. LIVINGOOD WAS ANGRY AND BEWILDERED WHEN HE WAS ARRESTED ON CHILD PORNOGRAPHY CHARGES. STILL, HE WAS CONFIDENT THAT A JURY OF HIS PEERS WOULD NOT CONVICT HIM, A FATHER AND GRANDFATHER WHO HAD RAISED CHILDREN, FOR SNAPPING TWO INNOCENT PICTURES. HE HAD A COMMONSENSE UNDERSTANDING THAT SIMPLE NUDITY OF A BABY WAS NOT SEXUALLY EXPLICIT ABSENT A SEX ACT OR SOME DEVIOUS PURPOSE. HE THOUGHT OF THE ALT-ROCK BAND NIRVANA'S ALBUM COVER FEATURING A NAKED BABY SWIMMING. THAT CONFIDENCE CHANGED WHEN HE MET HIS COUNSEL.

(5)

Mr. Livingood was represented by attorney Christopher Spedding ("Mr. Spedding") for the vast majority of this investigation, including during his indictment, arraignment, discovery, plea bargaining, and sentencing phases. As soon as Mr. Livingood met him, he attempted to tell his counsel that he had not taken any pornographic images. He brought up the aforementioned album art to Mr. Spedding. Ex. 1. Mr. Spedding informed him that because the photograph was on an album cover it was considered "art", but outside of that context the image met the federal definition of child pornography. He convinced Mr. Livingood that he had, albeit accidentally, created child pornography because any nude image of a child would be considered pornographic. Id.

The "definition" of child pornography Mr. Spedding gave to Mr. Livingood is nonsensical. "The statute makes clear that any display of the genitals must be 'lascivious'." United States v. McCoy, 55 F.4th 658 (8th Cir. 2022). "[A]n unaware minor may be used to produce child pornography, but even so, the statute requires that the image display sexually explicit conduct." United States v. Steen, 634 F.3d 822 (5th Cir. 2011). Simple nudity, even nudity focused upon genitalia, need not be pornographic. Consider photographs in a book on child development or urology, for example, or compare this case with United States v. Brown, 579 F.3d 672 (6th Cir. 2009). "[I]t would not be clear that the photographs (nude photographs that arguably focus on a child's genital area) are lascivious." Id. "The salient factors are whether the images focus on the genital regions of the girls AND

(6)

WHETHER THE IMAGES WERE INTENDED TO ELICIT A SEXUAL RESPONSE IN THE VIEWER." Id. (EMPHASIS ADDED).

B. MR. LIVINGOOD IS INNOCENT BECAUSE THE IMAGES HE PRODUCED WERE NOT MADE "FOR THE PURPOSE OF CREATING CHILD PORNOGRAPHY".

Even if this Court were to conclude that the two pictures Mr. Livingood took were lascivious, he would still be innocent of the crime he pled guilty to committing. That is because the plain language of the statute dictates that a minor may not engage in "ANY SEXUALLY EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING ANY VISUAL DEPICTION OF SUCH CONDUCT...". 18 U.S.C. § 2251(a), (EMPHASIS ADDED). On its face the law dictates a specific intent mens rea, but it is clear that Mr. Livingood did not set out to create child pornography. Rather, it was his intent to share an annoying dilemma with family and evoke shared empathy. There is no sordid contextual basis to presume anything but an innocent purpose.

The specific intent portion of the statute is not an accident. It separates the federal statute from more general state statutes, and saves it from the constitutional attacks which would arise under a strict liability approach. See, for example, UNITED STATES v. CRANDON, 173 F.3d 122, 129-130 (3RD CIR. 1999); UNITED STATES v. ESCH, 832 F.2d 531, 536 (10TH CIR. 1986). Moreover, courts have routinely held that the government must prove that the production of child pornography was a purpose (if not the dominant purpose) – even in cases far less innocent than this one. See, for example, UNITED STATES v. COX, 744 F.3d

(7)

305,309 (4TH CIR. 2014); UNITED STATES V. SIROIS, 87 F.3D 34,39 (2ND CIR. 1996); UNITED STATES V. LEBOWITZ, 676 F.3D 1000, 1013 (11TH CIR. 2012); UNITED STATES V. MORALES-DE JESUS, 372 F.3D 6, 21-22 (1ST CIR. 2004). "[I]T IS CRITICALLY IMPORTANT TO BE CERTAIN THAT THE DEFENDANT'S PURPOSE WAS, IN FACT, TO CREATE PORNOGRAPHIC PICTURES." CRANDON, 173 F.3D AT 179.

## (2) MR. LIVINGOOD'S COUNSEL WAS INEFFECTIVE BEFORE SENTENCING.

MR. LIVINGOOD RELIED UPON HIS COUNSEL'S EXPERTISE WITH REGARDS TO THE ELEMENTS OF THE CRIME HE WAS ACCUSED OF COMMITTING. AS HIS COUNSEL OF RECORD, MR. SPEDDING HAD A PROFESSIONAL OBLIGATION TO INVESTIGATE THAT CRIME AND ADVISE HIM OF MATTERS OF DEFENSE. UNITED STATES V. AGURS, 427 U.S. 97,103,96 S.CT. 2392, 49 L.ED. 2D 342 (1976); ENGLISH V. ROMANOWSKI, 602 F.3D 714,728 (6TH CIR. 2010).

LIKEWISE, WITHOUT REPEATING THE PRIOR ARGUMENT, MR. SPEDDING HAD AN OBLIGATION TO INFORM MR. LIVINGOOD THAT HIS INTENT WAS AN ESSENTIAL ELEMENT OF THE CRIME HE WAS CHARGED WITH COMMITTING. THIS OMISSION IS PARTICULARLY EGREGIOUS GIVEN HIS CLIENT'S INSISTENCE UPON HIS INNOCENCE. THE SIXTH CIRCUIT HAS LONG HELD MENS REA TO BE ESSENTIAL IN COMMISSION OF THIS CRIME. SEE BROWN. FURTHERMORE, THEY HOLD ATTORNEYS TO BE INEFFECTIVE WHEN THEY FAIL TO MAKE A MENS REA ARGUMENT TO THE DETRIMENT OF THEIR CLIENTS. SEE RICHEY V. BRADSHAW, 498 F.3D 344, 361-364 (6TH CIR. 2007).

COMPETENT COUNSEL WOULD HAVE INFORMED MR. LIVINGOOD THAT THE CHILD PORNOGRAPHY STATUTE REQUIRED THE PHOTOGRAPHS HE TOOK HAD TO

BE LASCIVIOUS AND INFORMED MR. LIVINGOOD OF THE INTENT PREREQUISITE—
MR. SPEDDING DID NEITHER, WHICH DIRECTLY RESULTED IN HIS CLIENT TAKING
A PLEA TO A CRIME THAT HE DID NOT COMMIT. THERE IS NO RATIONAL
STRATEGIC REASON FOR THIS INFORMATION TO HAVE BEEN WITHHELD, AND IT
PREVENTED MR. LIVINGOOD FROM MAKING A KNOWING DECISION WHEN HE
PLED GUILTY. SEE RAMONEZ v. BERGHUIS, 490 F.3D 482, 488 (6TH CIR. 2007).
PUT MORE ELOQUENTLY, "[W]HEN A LAWYER ADVISES HIS CLIENT TO PLEA
BARGAIN TO AN OFFENSE WHICH THE ATTORNEY HAS NOT INVESTIGATED, SUCH
CONDUCT IS ALWAYS UNREASONABLE." WOODARD v. COLLINS, 898 F.2D 1027,
1029 (5TH CIR. 1990).

MR. LIVINGOOD INTENDED TO EXONERATE HIMSELF OF THIS FICTITIOUS
CHARGE FROM THE VERY BEGINNING. ABSENT HIS COUNSEL'S DEFICIENT
PERFORMANCE HE WOULD HAVE DONE JUST THAT.

### (3) MR. LIVINGOOD'S COUNSEL WAS INEFFECTIVE AFTER HIS SENTENCING.

EVEN IF THE COURT FINDS MR. SPEDDING'S CONDUCT UP TO AND INCLUDING THE
SENTENCING PHASE WAS NOT PROVABLY INEFFECTIVE, IT SHOULD FIND THAT HIS
COUNSEL WAS INEFFECTIVE AFTER SENTENCING DUE TO HIS FAILURE TO FILE
A NOTICE OF APPEAL FOR HIS CLIENT AND HIS SLIPSHOD EFFORTS IN ASKING
HIS CLIENT'S WISHES.

IT WAS MR. SPEDDING'S RESPONSIBILITY TO FILE A NOTICE OF APPEAL
ON BEHALF OF MR. LIVINGOOD IF HE WAS INSTRUCTED TO DO SUCH. SEE
ROE v. FLORES-ORTEGA, 528 U.S. 470, 145 L.ED. 2D 985 (2000). TO IGNORE
THAT INSTRUCTION WOULD BE PER SE INEFFECTIVE ASSISTANCE. ID. MOREOVER,
MR. SPEDDING HAD AN OBLIGATION TO DISCUSS THE ADVANTAGES AND

(9)

DISADVANTAGES OF APPEALING WITH MR. LIVINGOOD AND "MAKE A REASONABLE EFFORT TO DETERMINE THE PETITIONER'S WISHES." <u>BOLDEN V. UNITED STATES</u>, No. 2:08-CR-30, 2011 WL 6291794 (E.D. TENN. DEC. 15, 2011). IT IS IMMATERIAL THAT MR. LIVINGOOD ACCEPTED A PLEA OFFER, AND PRESUMED PREJUDICE APPLIES "REGARDLESS OF WHETHER THE DEFENDANT HAS SIGNED AN APPEAL WAIVER." <u>GARZA V. IDAHO</u>, 139 S. CT. 738, 747, 203 L.ED. 2D 77 (2019).

THE SIXTH CIRCUIT HAS HELD THAT "[I]T IS 'PROFESSIONALLY UNREASONABLE' FOR A LAWYER TO FAIL TO FILE AN APPEAL WHEN SPECIFICALLY INSTRUCTED TO DO SO." <u>REGALADO V. UNITED STATES</u>, 334 F.3D 520, 524 (6TH CIR. 2003). MR. LIVINGOOD VOWS THAT HE TOLD MR. SPEDDING TO APPEAL IF HE RECEIVED THE MAXIMUM SENTENCE. <u>EX. 1</u>. COURTS HAVE GENERALLY NOT FOUND A DEFENDANT'S STATEMENTS ALONE TO BE COMPELLING IN SUCH SCENARIOS. FORTUNATELY, HIS AFFIDAVIT IS SUPPORTED BY ADDITIONAL SWORN STATEMENTS AS WELL AS THE RECORD ITSELF.

ON 12/16/2022 MR. LIVINGOOD INQUIRED ABOUT THE STATUS OF HIS APPEAL WITH THE COURT, AS HE HAD NOT RECEIVED ANY COMMUNICATION FROM MR. SPEDDING. <u>CR, DOCUMENT 49</u>. PRUDENTLY, THIS COURT REACHED OUT TO MR. LIVINGOOD AND FORWARDED HIM A COPY OF THE NOTICE MR. SPEDDING HAD FILED ON 9/30/2022. <u>CR, DOCUMENT 39</u>. THIS FORM INDICATES THAT MR. SPEDDING SENT MR. LIVINGOOD A LETTER ON 9/19/2022 INQUIRING ABOUT HIS WISHES REGARDING AN APPEAL. <u>ID</u>. MR. LIVINGOOD SWEARS HE DID NOT RECEIVE THAT LETTER. <u>EX. 1</u>.

IF MR. LIVINGOOD HAD RECEIVED MR. SPEDDING'S LETTER, WHY WOULD HE

(10)

IGNORE THAT COMMUNICATION FROM MR. SPEDDING IF HE WISHED TO APPEAL? AND, IF HE HAD NO DESIRE TO APPEAL, WHY WRITE THE COURT TO ASK ABOUT THE STATUS OF HIS APPEAL? THERE IS NO ADVANTAGE GAINED BY A DEFENDANT THROUGH "PLAYING 'POSSUM" ON HIS APPEAL. MOREOVER, THERE ARE OBVIOUS REASONS WHY A DEFENDANT MIGHT WISH TO APPEAL IN MR. LIVINGOOD'S SITUATION. HE RECEIVED THE MAXIMUM STATUTORY PENALTY FOR HIS CRIMES — HE HAD NOTHING TO LOSE. HE ALSO HAD THE GROUNDS ENUMERATED IN THIS FILING AVAILABLE TO HIM. "EVIDENCE THAT THERE WERE NONFRIVOLOUS GROUNDS FOR APPEAL OR THAT THE DEFENDANT IN QUESTION PROMPTLY EXPRESSED A DESIRE TO APPEAL WILL OFTEN BE HIGHLY RELEVANT IN MAKING [THE PREJUDICE] DETERMINATION." RICHARDS V. UNITED STATES, 301 F. APP'X 454, 459 (6TH CIR. 2008). IN ADDITION TO THESE LOGICAL INFERENCES FROM THE RECORD AND HIS OWN WORD, MR. LIVINGOOD CAN PROVIDE SWORN STATEMENTS FROM INTERESTED PARTIES THAT MR. LIVINGOOD WANTED TO APPEAL AND BELIEVED THAT MR. SPEDDING WAS FILING AN APPEAL ON HIS BEHALF.

IT IS ALSO UNCLEAR THAT MR. SPEDDING'S LETTER SATISFIED HIS LEGAL OBLIGATION TO CONSULT WITH MR. LIVINGOOD ABOUT AN APPEAL, EVEN IF HE HAD RECEIVED IT. MR. LIVINGOOD INFORMED MR. SPEDDING ON SEVERAL OCCASIONS THAT HIS OFFICE PHONE WAS NOT SETUP TO RECEIVE CALLS FROM HIS FACILITY. EX. 1. ON THESE OCCASIONS MR. SPEDDING APOLOGIZED AND INDICATED HE WOULD HAVE HIS SECRETARY TAKE CARE OF IT, BUT FAILED TO EVER DO SO. ID. FAMILY MEMBERS OF MR. LIVINGOOD CAN VERIFY THAT THEY WERE FORCED TO ACT AS GO-BETWEENS BECAUSE OF THIS, AND PHONE RECORDS MAY BE SOUGHT BY SUBPOENA IF THE COURT FINDS IT NECESSARY.

As a criminal lawyer, Mr. Spedding should have been aware that prison mail is notoriously slow and unreliable. Indeed, Mr. Spedding alluded to the necessity of an "abundance of caution" when trying to send Mr. Livingood documents at his present prison. Ex. 2. Why did he not exercise similar caution with the appellate rights of a client who had been sentenced to thirty years? Why not ask that client in person or reach out by legal call? Why not discuss the matter with Mr. Livingood's family, who reached out to him repeatedly, both before and after he was sentenced?

Mr. Livingood would also point out that the mail he received at Montgomery County Detention Center often took more than a week to arrive after being sent. Ex. 1. Even had he received the letter (which he did not), it is highly unlikely that Mr. Spedding would have received his reply in time to file a notice of appeal on his behalf within the established timeframe. Mr. Spedding had a professional obligation to consult with Mr. Livingood — he entrusted that duty to a single letter sent through a prison's mail system — a letter which never arrived.

If this Court requires additional proof, Mr. Livingood would not oppose the request of prison mail records or review of video footage from his prison.

(12)

## IV. Prayer For Relief

An innocent man sits in prison — Justice is best served by his immediate release. If the evidence before this Court is not sufficient to grant that end, he would ask for the granting of an out-of-time appeal.

He prays Your Honor grant him relief.

## V. Declaration Under Penalty Of Perjury

I declare under penalty of perjury that I am the petitioner, I have read this petition, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Christopher Livingood, #77525-509
FCI Edgefield
P.O. Box 725
Edgefield, SC 29824

9-11-23
DATE

This petition placed into the prison mail system on: 9/12/2023

(13)