UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CHRISTOPHER WAYNE LIVINGOOD,  )<br>  )<br>  Defendant.  ) | Criminal Action No. 5:22-1-DCR-CJS<br>Civil Action No. 5:23-262-DCR-CJS<br><br>**ORDER** |

*** *** *** ***

Defendant Christopher Livingood has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 56). Livingood raises several claims of ineffective assistance of counsel.

Usually, the United States will seek to obtain an affidavit of a defendant's former attorney in an effort to refute some or all of a defendant's ineffective-assistance claims. In this regard, authority from several circuits, including this circuit, would indicate that Livingood has waived his otherwise valid assertion of attorney-client privilege with respect to the specific ineffective assistance arguments raised in his § 2255 Motion. *See In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *see also United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009), *cert. denied*, 559 U.S. 955 (2010); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); and *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967). As the Sixth Circuit recognized in *In re Lott*, the attorney-client privilege may be waived, either expressly or by implication, in several ways. 424 F.3d at 453. And waiver may occur when a defendant places at issue the subject matter of a privileged communication, which forces the Government to address the privileged matter to defeat a claim of ineffectiveness.

Accordingly, **IT IS ORDERED** that on or before **October 10, 2023**, Defendant Livingood is **DIRECTED** to respond to the question of whether he has waived the attorney-client privilege regarding all claims of ineffective assistance of counsel addressed in his Motion filed pursuant to 28 U.S.C. § 2255. (R. 56). Livingood is advised that a finding of implied waiver will result in the United States being allowed to contact his former attorney for the purpose of obtaining information necessary to respond to his claims of ineffective assistance of counsel.

Signed this 19th day of September, 2023.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\general orders\22-1-DCR Livingood a-c waiver resp order.docx